## Benny Herbst *v.* Frederick J. Hafner, Appellant.

*Landlord and tenant—Trespass by landlord—Cause of action—Question for jury.*

Where the evidence, if believed, shows that a landlord removed the roof of a leased premises during its occupancy by a tenant, and, by reason of such conduct, the tenant's goods were damaged by the rain, the tenant has a cause of action for trespass, and the question of negligence is for the jury.

Argued Oct. 13, 1897. Appeal, No. 93, Oct. T., 1897, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1896, No. 926, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass to recover damages for alleged injuries sustained by reason of the roof of the premises occupied by tenant being removed to make alterations by the defendant's servants during the term, permitting the rain to come through and damage the plaintiff's goods. Before BEITLER, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $250. Defendant appealed.

*Errors assigned* were (1) the evidence submitted at the trial does not establish any cause of action by the plaintiff against the defendant. (2) In charging the jury as follows : "But if, on the other hand, you find that on Friday night the roof had been removed by the defendant, and that because of that removal, the plaintiff suffered damages, then I say to you that the plaintiff is entitled to a verdict for what he suffered, or for his loss, by reason of the act of his landlord." (3) In discharging the rule to show cause why a new trial should not be granted.

*Charles L. Smyth*, for appellant.

*Wm. F. Johnson*, for appellee.

Opinion by Wickham, J., May 17, 1898:

The plaintiff, in his statement, alleges, in effect, that he was in the lawful and peaceable possession of a storeroom and an apartment above the same, on North Eighth street, in the city of Philadelphia, where he was engaged in the business of manufacturing cigars and selling the same together with smokers' materials ; that the defendant, his landlord, without notice or warning, entered on the said premises, partially unroofed the same, and removed part of the brick work thereof, so as to permit the rain to enter and destroy and injure a considerable portion of the plaintiff's goods and fixtures, and that the defendant, going still further, proceeded with the demolition of the building contrary to the plaintiff's protests, without allowing the latter time to remove his stock in trade and fixtures, thus covering his property with dust and débris, adding to the destruction and damage caused by the rain, and resulting in his practical ejection from the premises.

The salient facts, conceded or established by the evidence and the verdict, and very imperfectly set forth in either the appellant's or appellee's history of the case, are as follows : First, that the plaintiff held the premises, under the defendant, by a written lease, from month to month, the lease being terminable by either party giving the other ten days' notice, prior to the beginning of any month.

Second, on Thursday, October 21, 1896, the defendant issued a landlord's warrant for the collection of $254.78 rent admittedly due from the plaintiff, and the same day distrained on the plaintiff's goods, found on the leased premises.

Third, on the following day, Friday, October 22, the plaintiff gave to the defendant, pursuant to some amicable arrangement between them, a writing as follows :

PHILADELPHIA, Oct. 22, '96.

" I hereby turn over all my stock and fixtures, to F. J. Hafner, contained in the store and premises, 247 North Eighth Street, and possession is hereby given to F. J. Hafner, in consideration of $254.

" Witness : JOHN McLAUGHLIN.          B. HERBST."

Either contemporaneously with the signing of this paper, or within five or ten minutes thereafter, the parties made a parol

contract, in the nature of an accord, controlling the written agreement, whereby the plaintiff agreed to give, and the defendant accept, cigars to the value of $150 in full payment of the latter's claim, whereupon the goods distrained were released and the defendant's bailiff dismissed.

Fourth, owing to reasons about which the evidence is conflicting, the cigars were not turned over to, or at least not received by the defendant, until the afternoon of Saturday, October 23d or the morning of Monday, October 25th. In the meanwhile the defendant, according to all the testimony, including his own, refused to allow the plaintiff to remove any of his stock in trade, show cases, or fixtures, thus by duress of goods compelling the latter to continue to occupy the premises. As the defendant expressly says, in his testimony, he refused to allow anything to be taken away until the plaintiff had made up and delivered to him the $150 worth of cigars, which was the consideration for the compromise. A young man, in the employ of the defendant, was put in charge of the stock and kept the store open, making sales to any customers who came in to buy. The defendant alleges, that this was done through an arrangement with the plaintiff, the latter denies having agreed thereto, but this fact is not important, as the case stands.

Fifth, from the time the distress was made to the time the plaintiff removed the last of his goods and fixtures, which was on Monday, October 25th, he had free ingress, egress, and regress to and from the premises, at least during business hours. While possession of his goods was interfered with, all the evidence shows that, by virtue of the defendant's acts and his own right and inclination, he still held lawful possession of the premises either alone or concurrently with the defendant. On Monday, the 25th of October, the moneys taken in by the young man above referred to were counted up. It was found that $10.00 had been taken in on Thursday, $6.00 on Friday, and $3.78 on Saturday. The defendant gave the plaintiff credit for these sums, on the parol compromise agreement, and then, as he testifies, said to the plaintiff, who wanted a little more time, " Benni, go now and don't get in any way funny about this." After this, to quote farther from the defendant's testimony, "he" (the plaintiff) "moved out of the place." The plaintiff had taken away two wagon loads of his property, on

the preceding Saturday evening, leaving seven wagon loads to be removed on Monday.

Sixth, on Friday, the 22d of October, the defendant needlessly caused the building to be partially unroofed. During the greater part of the following night a heavy rainstorm prevailed, and on the following Saturday morning it was found that the rooms, occupied by the plaintiff, were flooded with water, which caused serious injury and destruction to his cigars, tobacco manufactured and unmanufactured, and other personal property. The facts set forth in this paragraph, although disputed, were found by the jury in favor of the plaintiff on ample and satisfactory evidence. Although there was evidence tending to show that the plaintiff's goods and fixtures suffered also from dust, rubbish, etc., the jury were not allowed to pass upon this matter or to give anything therefor and, therefore, it is immaterial.

The learned trial judge, holding the law even more favorably for the defendant than perhaps the latter had any right to demand, limited the jury to a consideration of the injury caused by the rain on Friday night, instructing them as follows: " But if, on the other hand, you find that on Friday night the roof had been removed by the defendant, and that because of that removal the plaintiff suffered damages, then I say to you the plaintiff is entitled to a verdict for what he suffered or for his loss by reason of the act of his landlord." Elsewhere the court said in the charge: " That brings the determining of this case before you in this way, whether or not, in point of fact, there was a leak through the roof through which the rain came, which as one witness testified frequently occurred, and which was frequently complained of. Of course if that was the fault of the plaintiff, then he is responsible for it, and if you find that he was responsible for that rain coming through, then he has no right to recover against the defendant." The first instruction above quoted is complained of in the second assignment of error. As to the first assignment it need not be noticed, as the court was not asked to give binding instructions to the jury, and so far as the third and last is concerned, if it is to be considered at all, the court was entirely right in refusing a new trial.

Had the defendant chosen to rely on the surrender, contained in the writing of October 22d, he might, with some show of

reason, claim that the plaintiff was not in lawful possession when the storm occurred, although a question would still arise, as to whether the plaintiff would not be entitled, under all the circumstances, to a reasonable time within which to remove his personal property. Although the written agreement contains words indicating that the surrender of the premises was to be immediate, in fact contemporaneous with the delivery of the paper, yet, looking at the situation of the parties and what had occurred between them, it can hardly be presumed that the plaintiff was not to have the right to remove his property, and, having such right, he could properly claim a reasonable time within which to exercise it. But, as the defendant not only permitted, but compelled, the property to be kept on the premises, he was guilty of a wrong in deliberately doing that which, in all probability, would result in more or less injury to the plaintiff's goods. To tear the roof off a store, filled with such articles as the plaintiff dealt in, in the latter part of October, when rains might be expected at any time, exhibits a degree of recklessness inexcusable on the part of any sane man. That such conduct if proved would, in itself, be negligence, was not and could not be denied. The learned trial judge was therefore right in giving the instruction assigned for error.

Whether the plaintiff was actually ejected by the defendant, or suffered all the wrongs mentioned in his statement, is a matter of no moment, considering the manner in which the case was submitted to the jury. He was not required to establish all his alleged grievances, in order to prevail, and he was permitted to recover only for the damages caused by the rain storm. . Even conceding that he was out of possession, he would have had the right before the passage of the Procedure Act of 1887 to damages, on the admitted facts and those found by the jury, in an action of trespass on the case. Since the passage of that act, the remedy is in trespass. As the case was tried on its merits, without objection, in the court below, we would, if necessary, allow any proper amendment of the plaintiff's statement to be made here.

We see no reason for just complaint, on the part of the defendant, as to the manner in which he was treated by either the court or jury.

Judgment affirmed.